IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL DEAN SAMUELSON, #1578950** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-2117-P (BK) |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court granted the motion to proceed *in forma pauperis*, but did not direct Respondent to file an answer. For the reasons that follow, it is recommended that the habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

### I. BACKGROUND

On May 7, 2009, Petitioner pled guilty to three different offenses and was sentenced to concurrent eight-year terms of imprisonment. *State v. Samuelson*, F43449 (249th Jud. District Court, Johnson County, 2009). The Texas Court of Criminal Appeals (TCCA) granted state habeas relief, concluding the original plea agreement, which provided for concurrent sentences, was unenforceable and Petitioner was entitled to withdraw his plea. *Ex parte Samuelson*, No. AP-76,280 (Tex. Crim. App. Jan. 27, 2010). In June 2010, Petitioner pled guilty to the same

three offenses in exchange for *non-concurrent* eight-year sentences and the trial court issued a new judgment of conviction. *See State v. Samuelson*, No. F43449. Subsequently, Petitioner challenged his convictions in state and federal habeas proceedings. *See Ex parte Samuelson*, No. WR-72,732-04 and -06 (Tex. Crim. App. Sep. 8 and Oct. 20, 2010) (denying state habeas relief); *Samuelson v. Thaler*, No. 3:11-CV-0015-B-BK (N.D. Tex. Jan. 26, 2011) (dismissing federal petition with prejudice); *Samuelson v. Thaler*, No. 3:11-CV-0571-K-BD (N.D. Tex. May 12, 2011) (dismissing federal petition without prejudice for failure to exhaust state court remedies). In the first federal habeas case, the District Court liberally construed the petition as a challenge to the June 2010 judgment, in No. F43449, under which Petitioner was and is still in custody, and summarily dismissed the petition with prejudice because his claims were meritless. *Samuelson v. Thaler*, No. 3:11-CV-0015-B-BK, 2011 WL 251204 (N.D. Tex. Jan. 10, 2011), *rec. accepted*, 2011 WL 251462 (N.D. Tex. Jan. 26, 2011).

In this action, Petitioner again seeks to challenge his June 2010 convictions. (Doc. 2 at 2.) He alleges: (1) the June 2010 convictions are void because TDCJ refused to give him a new TDCJ number and to treat him as having a new sentence upon his return to state prison; (2) Petitioner did not receive the sentences and convictions he plea bargained for in June 2010; (3) trial counsel rendered ineffective assistance because he failed to ensure that the plea bargain agreement was carried out; and (4) Petitioner is "falsely imprisoned" on the basis of the May 2009 convictions. (Doc. 2 at 7-8.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.

*See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under section 2254 challenging his June 2010 underlying criminal convictions. Therefore, the section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive petition for writ of habeas corpus (Doc. 2) be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED August 30, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE